Sedgwick, J.
delivered the opinion of the Court.
By the act incorporating the plaintiffs, the purpose intended was to make a turnpike in one direction communicating with the town of Boston, and in another with the town of Salem. After that part of the road which communicated with Boston had been completed, a Mr. Foster— whether a member of the corporation or not does not appear, nor is it material in the view which I have taken of the subject — procured from the defendant and others a subscription of their names to the paper mentioned in the judge’s report; by which they agreed to take and pay their proportion of the number of shares affixed to their respective names. This was in the month of April, 1807. Afterwards, on the 27th of the same month, the corporation, at a legal meeting, voted to lay out and complete the Salem, branch of the turnpike. And it appeared by parole evidence, that several of the persons who signed the subscription paper, which has been mentioned, were present at that meeting; but the defendant was not with them. And the treasurer of the corporation after wards made out, and offered to the defendant certificates of owner ship of the four shares for which he had subscribed. —The question is, whether the defendant is liable, in this action, upon that subscription.
It is certain, that to every valid contract there must be parties Aggregate corporations cannot contract without vote, because there is no other way, in which they can express * their assent. Such corporations may contract by their agents; but such agents must have authority given them for that purpose. In this case, no such authority was given to Mr Foster. And admitting that the corporation might be bound by *253 subsequent assent, there is no evidence that any such assent was given. It does not even appear that this subscription paper was ever communicated to the corporation. It is true, that soon after the subscription was made by the defendant, the corporation voted to lay out and make 'the Salem branch of the turnpike; but this they were previously obliged to do by the act of incorporation. And it is impossible to consider the mere attendance of some of the subscribers at a meeting of the corporation evidence of a contract on its part; that fact being no evidence of an act of the corporation. And as little avail can the making out certificates of ownership to the defendant by the treasurer of the corporation, have; because there is no evidence that he had any authority for that purpose.
Reverse this case, and suppose an action brought by the defendant against the corporation for withholding certificates of ownership ; there could be no pretence for supporting it on the evidence which was offered against him at the trial. There is no act by which the corporation was bound to admit him as a member ; and if there was not, there was no sufficient consideration to bind him. The nonsuit therefore cannot be taken off.

Costs for the defendant